IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEITHIAN DANIELS, ID # 33157-077, ) | |
| ) | |
| vs. ) | No. 3:04-CV-0822-N |
| ) | |
| K.J. WENDT, ) | |
| Respondent. ) | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

I. BACKGROUND

A. Nature of the Case

Petitioner, an inmate currently incarcerated in a federal prison located in Seagoville, Texas, filed the instant action pursuant to 28 U.S.C. § 2241 to challenge the manner in which he is serving his federal sentence and the calculation of credit to his federal sentence. He names K.J. Wendt, former Warden of the Seagoville facility, as respondent.

B. Factual and Procedural History[1]

On March 24, 1999, petitioner was indicted on federal drug charges. Federal authorities arrested petitioner on April 7, 1999, and on April 14, 1999, he was released on bond. On May 11, 1999, petitioner pled guilty to one of the federal charges. While on bond and awaiting sentencing on the federal charge, state authorities arrested petitioner on August 20, 1999, for a parole violation.

---

[1] The factual and procedural history is taken from the petition and answer filed in this case, as well as the court record in *United States v. Daniels*, No. 3:99-CR-0112-G (N.D. Tex. filed Mar. 24, 1999) (petitioner's federal criminal case).

On September 15, 1999, the state authorities released petitioner to federal custody pursuant to a writ of habeas corpus *ad prosequendum*. On February 16, 2000, this Court entered judgment against petitioner in *United States v. Daniels*, No. 3:99-CR-0112-G (N.D. Tex.), and sentenced him to eighty-seven months imprisonment for his federal offense. The Court specifically stated that "defendant shall be given credit for all time served while in Federal Custody" on this federal charge. Petitioner was returned to state custody, and federal authorities filed a detainer with the State. On May 18, 2000, the State revoked petitioner's parole, and the trial court sentenced him to imprisonment for two years to be served concurrently with his federal sentence. The trial court credited petitioner's state sentence from August 17, 1999.[2] Petitioner was paroled from state custody and released to federal authorities on August 15, 2001, to begin service of his federal sentence.

Petitioner alleges that upon his transfer to the federal Bureau of Prisons (BOP), BOP officials advised him that he would not receive credit for time served on the state sentence. When petitioner requested that BOP enter a *nunc pro tunc* designation to designate the state prison facility as the place of incarceration for the federal sentence, BOP refused such request.

In April 2004, petitioner filed the instant action claiming that BOP has imposed a consecutive sentence amounting to unconstitutional incarceration and has refused to properly grant him sentence credit in violation of the orders of the state court and the statute governing the credit. He further claims that BOP improperly refused his request for *nunc pro tunc* designation. On June 24, 2004, respondent filed his answer. Petitioner filed a reply on July 9, 2004, and a supplemental memorandum on August 4, 2004.

---

[2] The record before the Court does not show why the state trial court granted a sentence credit from August 17, 1999, when the State did not arrest petitioner until August 20, 1999. Nevertheless, this discrepancy appears to have no materiality to the issues before the Court.

2

## II. RELIEF UNDER § 2241

Petitioner's claims concerning BOP's decision to consider his federal sentence as consecutive to his state sentence and refusal to grant him credit for time served on his state sentence properly fall under 28 U.S.C. § 2241. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (stating that "[s]ection 2241 is correctly used to attack the manner in which a sentence is executed"); *United States v. Garcia-Gutierrez*, 835 F.2d 585, 586 (5th Cir. 1988) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241). "The exclusive remedy for challenging the BOP's calculation of a federal sentence is a habeas corpus petition filed pursuant to 28 U.S.C. § 2241, directed to the district court in the United States District Court wherein the petitioner is incarcerated, and naming the warden of the federal facility as a respondent." *United States v. Smith*, 101 F. Supp. 2d 332, 338 (W.D. Pa. 2000); *accord Leal v. Tombone*, 341 F.3d 427, 427-28 (5th Cir. 2003) (considering similar challenge in context of a § 2241 petition). In addition, § 2241 provides the proper vehicle to challenge a refusal of the BOP to enter a *nunc pro tunc* designation of "the state prison as the first place of confinement for [an inmate's] federal sentence." *See Rodriguez v. Pitzer*, No. 03-40040, 2003 WL 21805912, at *1 (5th Cir. Aug. 7, 2003) (per curiam).

Although petitioner has exhausted his administrative remedies, he is entitled to a writ of habeas corpus under § 2241 only to remedy his restraint of liberty in violation of the constitution, treaties, or laws of the United States. *See United States v. Hayman*, 342 U.S. 205, 211-12 & n.11 (1952). "Habeas corpus relief is extraordinary and 'is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Kinder v. Purdy*, 222 F.3d 209, 213 (5th Cir. 2000) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

3

**A. Concurrent versus Consecutive Sentences**

Petitioner first challenges BOP's decision to consider his federal sentence as consecutive to his state sentence. He submits that his federal sentence cannot be presumed consecutive to a yet-to-be-imposed sentence, and that the state court ordered his state sentence to run concurrently with the already imposed federal sentence.

Petitioner's claim implicates 18 U.S.C. § 3584(a), which provides:

> **(a) Imposition of concurrent or consecutive terms.**–If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

Section 3584(a) creates a presumption that, when a federal judgment is silent with respect to whether sentences are to run concurrently or consecutively, "they will run consecutively, *unless* the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003) (per curiam). The Fifth Circuit has interpreted § 3584(a) as granting the district courts the discretion to order a federal term of imprisonment to run concurrently with an anticipated but "yet-to-be-imposed state sentence." *See United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000) (per curiam). Although the federal courts "may consider subsequent sentences anticipated, but not yet imposed, in separate state court proceedings" when determining whether to impose concurrent or consecutive sentences, *see United States v. Brown*, 920 F.2d 1212, 1217 (5th Cir. 1991) (per curiam), the failure to provide for concurrent sentences for multiple terms of imprisonment imposed at different times necessarily results in the imposition of consecutive sentences, *see*

*Hernandez*, 234 F.3d at 256-57. "A district court must specify in its sentencing order that sentences run concurrently; otherwise, they run consecutively." *Free*, 333 F.3d at 553.

In this instance, the federal court expressed no position at sentencing regarding whether the imposed federal sentence would run concurrently with or consecutively to any anticipated state sentence. Such silence invokes the presumption[3] that the federal sentence would be consecutive to any term of imprisonment imposed at a different time. *See* 18 U.S.C. § 3584(a) (last sentence); *Hernandez*, 234 F.3d at 256-57; *Aldridge v. Wendt*, No. 3:03-CV-1052-R, 2004 WL 1217934, at *2-4 (N.D. Tex. June 3, 2004) (findings, conclusions, and recommendation rejecting a similar challenge and argument regarding the same issue), *accepted by* 2004 WL 1368275 (N.D. Tex. June 16, 2004), *aff'd*, No. 04-10982, 2005 WL 2055929 (5th Cir. Aug. 26, 2005) (per curiam) ("[t]he district court did not err by concluding that the federal sentence was to run consecutively to the state sentence").

Petitioner has not shown that his consecutive sentences violate the constitution, treaties, or laws of the United States. The constitution affords no right to have state and federal sentences run concurrently. *United States v. Dovalina*, 711 F.2d 737, 739 (5th Cir. 1983). "It is constitutionally permissible for the state and federal governments to each impose a sentence on a defendant based on the commission of a single act constituting offenses under both state and federal law." *United States v. Shillingford*, 586 F.2d 372, 375 (5th Cir. 1978). "A person who has violated the criminal statutes of both the Federal and State Governments may not complain of the order in which he is tried or punished for such offenses." *Dovalina*, 711 F.2d at 739 (quoting *Gunton v. Squier*, 185 F.2d

---

[3] Notwithstanding this presumption, the Court notes that, during the administrative process, "[t]he Bureau of Prisons received clarification from the federal District Court stating its intent "that inmate Daniels' 87-month federal sentence should be served consecutively to his state sentence." (*See* Decl. of Gullatt ¶ 8, contained within App. to Answer.) Even without such clarification, the presumption is sufficient to find that the sentences run consecutively.

470, 471 (9th Cir. 1950)). Similarly, there is no federal statute that provides a prisoner a right to concurrent sentences. In the absence of a violation of the United States Constitution or federal law, the fact that BOP considers petitioner's federal sentence to run consecutive to the later-imposed state sentence entitles petitioner to no habeas relief under § 2241. *See Hayman*, 342 U.S. at 211-12 & n.11.

Furthermore, the state court's order that petitioner's state sentence run concurrently with the previously imposed federal sentence is not binding upon BOP. *See Leal v. Tombone*, 341 F.3d 427, 429 (5th Cir. 2003); *Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991).

> Federal prison officials are under no obligation to, and may well refuse to, follow the recommendation of state sentencing judges that a prisoner be transported to a federal facility. Moreover, concurrent sentences imposed by state judges are nothing more than recommendations to federal officials. Those officials remain free to turn those concurrent sentences into consecutive sentences by refusing to accept the state prisoner until the completion of the state sentence and refusing to credit the time the prisoner spent in state custody.

*Leal*, 341 F.3d at 429 n.13. State courts have no authority to order the commencement of a federal sentence. *Id.* Nor do they have authority to determine the computation of a federal sentence. The United States Attorney General is responsible for such computation. *See United States v. Wilson*, 503 U.S. 329, 337 (1992); *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992).

For all of these reasons, petitioner's challenge to his consecutive sentences fails.

**B.** *Nunc Pro Tunc* **Designation versus Sentence Credit**

Petitioner also claims that BOP wrongly denied him credit to his federal sentence for the time he spent serving his state sentence. He contends that BOP has improperly applied the mandate of 18 U.S.C. § 3621; *Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990); and Policy Statement 5160.05 regarding *nunc pro tunc* designation of the state facility as the place for execution of the federal

6

sentence. The government characterizes this claim as a request for pre-sentence credit governed by 18 U.S.C. § 3585(b). Petitioner, on the other hand, argues that the claim is a request for post-conviction sentence credit because he seeks credit for time spent in custody after the imposition of both his federal and state sentences. The Court considers each claim in turn.

### 1. *Nunc Pro Tunc Designation*

Although petitioner contends that BOP improperly denied him a *nunc pro tunc* designation that designates the state facility as the first place for execution of his federal sentence, his federal sentence provides nothing to indicate that this Court intended that petitioner serve his federal sentence concurrently with his anticipated state sentence. Because a writ of habeas corpus *ad prosequendum* brought petitioner before this Court, the Court was certainly aware of the pending state prosecution when it sentenced petitioner. BOP fulfilled its obligation pursuant to *Barden* to consider petitioner's request for a *nunc pro tunc* designation by submitting the request to this Court which, in a response from the sentencing judge, indicated that the Court did not intend to run the federal sentence concurrently with any later-imposed state sentence. "Given the absence of such intent, the BOP was well within its discretion to deny [petitioner's] request for a nunc pro tunc designation." *Rodriguez v. Pitzer*, No. 03-40040, 2003 WL 21805912, at *1 (5th Cir. Aug. 7, 2003) (per curiam). Thus, to the extent petitioner challenges BOP's failure to designate *nunc pro tunc* the state facility as the place for execution of his federal sentence, such challenge fails.

In his supplemental memorandum, petitioner asserts that BOP has granted another inmate a *nunc pro tunc* designation under "an identical factual setting" as his case. To support such assertion, he attaches one page of BOP's ruling which states:

7

> In your particular case, we find commencement of your federal sentence by way of a concurrent designation is appropriate . . . .
>
> Since your federal sentence will be served concurrently with your state sentence, you have been awarded presentence credit pursuant to Willis v. U.S., 438 F.2d 923 (5th Cir. 1971). In this situation, qualified presentence credit is the amount of time in non-federal custody after the date of the federal offense to the date the non-federal or federal sentence commenced, whichever is earlier.

Although petitioner contends that BOP has rendered inconsistent rulings with respect to a concurrent designation under identical facts, the attached BOP ruling reveals that the facts of the cases are not identical. The attached ruling relies on *Willis*, a case that deals with presentence credit for time spent in state custody after the state prisoner was denied release on bail because a federal detainer had been lodged against him. *See* 438 F.2d at 925. According to *Willis*, such time spent in state custody equates to "time spent in custody in connection with the (federal) offense." *Id.* (internal quotation marks omitted). The circumstances present in *Willis* are not present in this case.

### 2. *Sentence Credit*

Petitioner claims that BOP has wrongly denied him credit to his federal sentence for the time he spent serving his state sentence. He characterizes this claim as one for post-conviction sentence credit because he seeks credit for time spent in state custody after the imposition of both his federal and state sentences. In his response to respondent's answer, he asserts that, because the federal sentencing court directed that he "receive credit for time spent in federal custody," he is entitled to the time spent serving his state sentence.

Although petitioner argues that this claim concerns post-conviction sentence credit, his argument is flawed in one very important respect – it focuses on when the courts imposed his sentences. The date the courts imposed the sentences, however, is not the relevant date for

8

purposes of federal sentence credit calculations. Instead, the commencement date of the federal sentence controls the sentencing calculations for his federal sentence. See 18 U.S.C. § 3585. Consequently, despite petitioner's protestations, his claim implicates § 3585 – the federal statute that governs the calculation of a federal term of imprisonment.

"Title 18 U.S.C. § 3585 determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in 'official detention' before the sentence began." *Reno v. Koray*, 515 U.S. 50, 55 (1995). The statute provides:

> **(a) Commencement of sentence.**–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**–A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> **(1)** as a result of the offense for which the sentence was imposed; or
>>
>> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

This statute covers two distinct sentencing situations. Subsection (a) determines the time at which a defendant's sentence commences for purposes of executing his or her federal sentence. Subsection (b), in contrast, determines whether a defendant will receive credit toward his or her federal sentence for time spent in "official detention" *prior to* the time the federal sentence "commences" within the meaning of subsection (a). Subsection (b) makes clear "that credit is awarded only for *presentence* restraints on liberty." *Koray*, 515 U.S. at 56.

"[T]he phrase 'official detention' in § 3585(b) refers to a court order detaining a defendant and committing him to the custody of the Attorney General for confinement." *Id.* In addition, "[t]he phrase 'official detention facility' in § 3585(a) . . . refer[s] to a correctional facility designated by the Bureau for the service of federal sentences, where the Bureau retains the discretion to 'direct the transfer of a prisoner from one penal or correctional facility to another.'" *Id.* at 58. The words "official detention" have the same meaning under both subsection (a) and (b). *Id.* Thus, "credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility,' and who were subject to BOP's control." *Id.* (citation omitted).

Furthermore, prisoners are entitled to no credit toward their federal sentences for any period of time they are on loan to federal authorities on a writ of habeas corpus *ad prosequendum* from state custody. *See Ruggiano v. Reish*, 307 F.3d 121, 125 n.1 (3d Cir. 2002); *Meyer v. United States*, No. 3:03-CV-2234-P, 2004 WL 637931, at *1 n.1 (N.D. Tex. Feb. 19, 2004) (accepting findings of Magistrate Judge that cites BOP Program Statement 5880.28, Sentencing Computation Manual (CCCA 1984)). "The receiving sovereign – in this case, the federal government – is considered simply to be 'borrowing' the prisoner from the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him." *Ruggiano*, 307 F.3d at 125 n.1; *accord Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980). Consequently, when calculating the time to be credited to petitioner's federal sentence, "the time spent in federal custody pursuant to a writ *ad prosequendum* is credited toward his state sentence, not his federal sentence." *Ruggiano*, 307 F.3d at 125 n.1.

10

In this instance, the State of Texas took priority for petitioner's trial, sentencing, and incarceration upon his state arrest on August 20, 1999.[4] Between that date and his release to federal custody on August 15, 2001,[5] petitioner was in federal custody only on a writ of habeas corpus *ad prosequendum*. Petitioner was not subject to BOP's control until his August 15, 2001 release to federal custody, and it was not until that date that BOP, through the Attorney General, designated a facility where he would serve his federal sentence. Under a strict reading of *Koray*, therefore, petitioner was not in "official detention" within the meaning of § 3585(b) while he was in state custody. Consequently, he is entitled to no "credit against his sentence of imprisonment" for time between August 1999 and August 15, 2001. *See Koray*, 515 U.S. at 65.

Nevertheless, the *Koray* court specifically indicated that it was not addressing the propriety of awarding sentence credit to a federal sentence for time spent in state custody. 515 U.S. at 63 n.5. The Supreme Court stated:

> because the only question before us is whether a defendant is in 'official detention' under § 3585(b) during the time he is 'released' on bail *pursuant* to the Bail Reform Act of 1984, we need not and do not rule here on the propriety of BOP's decision to grant credit under § 3585(b) to a defendant who is denied bail pursuant to state law and held in the custody of state authorities.

---

[4] "When a person has committed crimes against two sovereigns, the issue of who has jurisdiction over him is a matter of comity between the two sovereigns." *Yusufu v. Ashcroft*, 250 F.3d 741, No. 00-10918, 2001 WL 274491, at *1 (5th Cir. Feb. 15, 2001). "Normally, the sovereign which firsts arrests an individual acquires priority of jurisdiction for purposes of trial, sentencing, and incarceration." *United States v. Warren*, 610 F.2d 680, 684-85 (9th Cir. 1980). However, in this case, petitioner's release on bond in April 1999 relinquished the federal government's priority. *See Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980) (showing that State "loaned" individual in its custody back to federal government after individual was released on bond from federal custody); *Roche v. Sizer*, 675 F.2d 507, 510 (2d Cir. 1982) (holding that release on bond relinquishes priority); *Cozine v. Crabtree*, 15 F. Supp .2d 997, 1017 (D. Or. 1998) (listing events which relinquish priority). Thus, when the State sentenced petitioner, he was in state custody. Furthermore, petitioner "lacks standing to attack any agreement between federal and state authorities by which he was transferred from federal custody to state custody for trial, sentencing, and execution of sentence." *Yusufu*, 2001 WL 274491, at *1 (citing *Weathers v. Henderson*, 480 F.2d 559, 559-60 (5th Cir. 1973)).

[5] Petitioner was also in federal custody between his federal arrest on April 7, 1999, and his release on bond on April 14, 1999. Petitioner, however, does not seek credit to his sentence for that week in April 1999.

*Id.* In light of this language, the Court further notes that there appears to be no violation of § 3585(b) in this instance, even if petitioner is considered to have been in "official detention" within the meaning of § 3585(b) when he was in state presentence custody, including his time on loan to the federal authorities because petitioner has already received state credit for that time.

Section 3585(b) specifically excludes from the calculation time that has been "credited against another sentence." In this case, the state court credited petitioner's state sentence with time served from August 17, 1999. Section 3585(b) precludes the award of the same credit to reduce petitioner's federal sentence. Accordingly, the Court can find no violation of that statute, even assuming that *Koray*'s definition of "official detention" does not dictate an outcome in this case.

This Court's direction that petitioner "receive credit for time spent in federal custody" does not alter the reasoning and rationale set forth above. Although petitioner was in federal custody on loan for a brief period pursuant to the writ of habeas corpus *ad prosequendum*, such temporary federal custody does not entitle petitioner to credit to his federal sentence for the reasons already set forth. *See also Aldridge v. Wendt*, No. 3:03-CV-1052-R, 2004 WL 1217934 (N.D. Tex. June 3, 2004) (findings, conclusions, and recommendation conducting a similar analysis and consideration of a petitioner's claim for sentence credit), *accepted by* 2004 WL 1368275 (N.D. Tex. June 16, 2004), *aff'd*, No. 04-10982, 2005 WL 2055929 (5th Cir. Aug. 26, 2005) (per curiam) (holding that the petitioner was "not statutorily entitled to credit on his federal sentence because . . . the time at issue was credited toward his state sentence").

For all of these reasons, petitioner is not entitled to the requested credit to his federal sentence.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the instant petition filed pursuant to 28 U.S.C. § 2241.

**SIGNED this 22nd day of September, 2005.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE